IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOSHUA LEVY CARTER, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:23-cv-02664-S (BT) |
| § | |
| STATE OF TEXAS, et al., § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Joshua Levy Carter, a resident of Garland, Texas, brings this *pro se* civil action, but he has failed to establish subject matter jurisdiction. Therefore, the Court should dismiss the case without prejudice.

**Background**

In this lawsuit, Carter refers to himself as a "Principal," and he has titled his amended complaint as a "Bill For Subrogation And Substitution." Am. Compl. 1 (ECF No. 7). He alleges that the State of Texas and the City of Garland, Texas, through their "Officers and Agents," "kidnapped [him] in order to extort funds, fines and fees." *Id*. Carter contends that he was required to pay a "judgment" in the amount of $250,000 by December 4, 2023, he "discharge[ed]" the debt, and he is now entitled to be "subrogated to the rights of the creditor in this (all) transactions." *Id*. at 2. As relief, Carter seeks "reimburse[ment]" "for what he paid on [the] judgment." *Id*. at 3. He also seeks an "injunction and attachment." *Id*. at 4.

1

## Legal Standards

Federal courts have limited subject-matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. *[Griffin v. Lee](), 621 F.3d 380, 388 (5th Cir. 2010)*; *see also [Coury v. Prot](), 85 F.3d 244, 248 (5th Cir. 1996)*. Federal courts are obliged to examine the basis for the exercise of federal subject-matter jurisdiction. *[Smith v. Texas Children's Hosp.](), 172 F.3d 923, 925 (5th Cir. 1999)*. A federal district court may examine its subject-matter jurisdiction over a matter, *sua sponte*, at any time. *[Giles v. NYLCare Health Plans, Inc.](), 172 F.3d 332, 36 (5th Cir. 1999)* (a court must raise the issue *sua sponte* if it discovers that it lacks subject-matter jurisdiction); *see also [MCG, Inc. v. Great W. Energy Corp.](), 896 F.2d 170, 173 (5th Cir. 1990)* ("Federal courts, both trial and appellate, have a continuing obligation to examine the basis for their jurisdiction. The issue may be raised by parties, or by the court *sua sponte*, at any time.").

Federal district courts have original jurisdiction over two types of cases: (1) cases that arise under federal law ("federal question jurisdiction"), and (2) cases in which the amount in controversy exceeds $ 75,000 and there is complete diversity of citizenship among the parties ("diversity jurisdiction"). [28 U.S.C. §§ 1331]() (federal question jurisdiction) and 1332(a) (diversity jurisdiction); *see also [Home Depot U. S. A., Inc. v. Jackson](), 139 S. Ct. 1743, 1746 (2019)*. There is a presumption against subject-matter jurisdiction, and it must be rebutted by the party filing an action in federal

2

court. *See Coury, 85 F.3d at 248*. "The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists." *Aetna Casualty & Surety Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986); *see also St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

When determining whether federal-question jurisdiction exists, it "must be determined by reference to the 'well pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citation omitted). This means that the complaint must "raise issues of federal law sufficient to support federal question jurisdiction." *Rodriquez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993). And when the asserted basis of federal jurisdiction is the diversity of the parties under § 1332, the party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the parties are citizens of different states and the amount in controversy exceeds $75,000. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Further, when a litigant is proceeding *pro se*, the court must liberally construe his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing that *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than pleadings drafted by lawyers"); *see also Pena v. United States*, 122 F.3d 3, 4 (5th Cir. 1997) ("Because [the party] is *pro se*, we construe his pleadings liberally.") (citing *Nerren v. Livingston*

3

*Police Dep't*, 86 F.3d 469, 472 & n.16 (5th Cir. 1996)); *Hernandez v. Maxwell*, 905 F.2d 94, 96 (5th Cir. 1990) (citing *Haines v. Kerner*, 404 U.S. 519 (1972), and noting that it calls for an expansive reading of *pro se* pleadings).

## Analysis

Here, Carter fails to sufficiently plead facts supporting federal question jurisdiction. Neither Carter's complaint nor his amended complaint references a federal statute, the Constitution, or a United States treaty. *See* 28 U.S.C. § 1331; *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008). Instead, Carter purportedly relies on the "laws of the State of Texas" and other arguments associated with the sovereign citizen theory of relief. Am. Compl. 1; *see also Mack v. Sweet*, 2017 WL 6756667, at *3-4 (N.D. Tex. Dec. 4, 2017) (noting, for example, sovereign citizens assert that they can file commercial liens against public officials for their grievances), *rec. accepted*, 2017 WL 6729630 (N.D. Tex. Dec. 28, 2017). But sovereign citizen legal arguments and theories "are not valid in the courts of the United States" and have been overwhelmingly rejected for years as frivolous and "indisputably meritless." *Mack*, 2017 WL 6756667, at *3-4; *see also Watson v. Tex. State Univ.*, 829 F. App'x 686, 686 (5th Cir. 2020) (per curiam). Further, claims that "seem to derive from the so-called 'sovereign[-]citizen movement' [ ] are legally frivolous." *Davis v. FNU LNU*, 2021 WL 3353969, at *3 (N.D. Tex. July 13, 2021) (quoting *Westfall v. Davis*, 2018

4

WL 2422058, at *2 (N.D. Tex. May 4, 2018)), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018); *see also United States v. Weast*, 811 F.3d 743, 746, n.5 (5th Cir. 2016); *Hughes v. Shannon*, 2021 WL 1093110, at *1 (N.D. Tex. Mar. 2, 2021), *rec. accepted*, 2021 WL 1088440 (N.D. Tex. Mar. 22, 2021). Sovereign citizen claims do not support the exercise of federal question jurisdiction. *Wells v. Sumruld*, 2023 WL 5940233, at *14 (N.D. Tex. Aug. 16, 2023) (citing cases), *rec. adopted as modified*, 2023 WL 5948050 (N.D. Tex. Sept. 12, 2023).

Carter also fails to plead facts demonstrating "diversity" jurisdiction exists. Carter has named only the City of Garland, Texas, and the State of Texas and their officers and agents as defendants in this lawsuit. Am. Compl. 1-2. As Carter is also a citizen of Texas, complete diversity of citizenship does not exist.

Even under the most liberal construction of his amended complaint, the operative complaint, Carter has failed to allege facts supporting either federal question or diversity jurisdiction. His amended complaint should therefore be dismissed *sua sponte* for lack of subject-matter jurisdiction.

## Conclusion

For the reasons stated, the Court should DISMISS this case without prejudice for lack of subject-matter jurisdiction.

**SO RECOMMENDED**.

December 26, 2023.

5

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).